**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ZACHARY ETKA,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-1677** |
| **v.** | : | **(Judge Mannion)** |
| **MICHAEL ADAMS, *et al.*,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

## I. Background

Zachary Etka, an inmate confined in the State Correctional Institution, Houtzdale (SCI-Houtzdale), Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. §1983. On November 2, 2015, prior to service of the complaint, Plaintiff filed a motion to file an amended complaint (Doc. 4), along with his amended complaint. (Doc. 5). The named Defendants are the Bradford County Courthouse, the Towanda State Police Barracks, Daniel Barrett, Bradford County Assistant District Attorney; and Michael Adams and Nathan Lewis, Pennsylvania State Police Officers.

Along with the filing of his complaint, Etka submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915. (Doc. 2).

A court must dismiss, at the earliest practicable time, certain in forma

pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2) (in forma pauperis actions); 28 U.S.C. §1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. §1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir.2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be granted, and the Plaintiff's amended complaint will be dismissed as legally frivolous.

## II. Procedural Background

### A. State Court Proceedings

The Court has reviewed Plaintiff's amended complaint and his state court

docket[1] in the Court of Common Pleas of Bradford County and ascertained the following.

On May 15, 2014, Etka was arrested and charged by the Pennsylvania State Police with twelve counts of Conspiracy, three counts of Robbery, two counts of Unlawful Restraint/Serious Bodily Injury, two counts of Simple Assault, two counts of Recklessly Endangering Another Person, two Counts of Terroristic Threats with Intent to Terrorize Another, one count of Receiving Stolen Property, one count of Disorderly Conduct, and one count of Theft by Unlawful Taking. See Commonwealth v. Etka, CP–08–CR–431–2014, Criminal Docket Sheet. On May 15, 2014, bail was set at $400,000.00. Id. On June 26, 2014, a Criminal Information was filed. Id.

On November 20, 2014, after a jury trial, Etka was found guilty of three counts of Conspiracy, one count of Robbery (demand money from financial institution), two counts of Terroristic Threats with intent to Terrorize Another, one count of Receiving Stolen Property, two counts of Simple Assault, and two counts of Robbery (threatening immediate serious injury). Id. On March 5, 2015, Etka was sentenced a term of incarceration of twenty-eight to sixty months on

[1] See Pennsylvania's Unified Judicial System Webportal, Common Pleas Courts Docket Sheets, available at: http:// ujsportal.pacourts.us/DocketSheets/CP.aspx.

the Robbery charge (Threatening Immediate Serious Injury) and a term of incarceration of eighteen to thirty-six months on the Conspiracy (Robbery-Inflicting/Threatening Immediate Bodily Injury), with the sentences for the remaining charges merging. Id.

After the denial of Etka's post sentence motions on October 19, 2015, on the same date, Etka filed a Notice of Appeal to the Pennsylvania Superior Court. Id. Etka's appeal is currently pending before the Superior Court. Id.

**B. Complaint**

On August 28, 2015, Plaintiff filed the above captioned action pursuant to 42 U.S.C. §1983. (Doc. 1). On November 2, 2015, Etka filed an amended complaint, in which he challenges that sufficiency of the evidence used to convict him. (Doc. 5).

Specifically, Plaintiff alleges that Defendant, Pennsylvania State Police Trooper Michael Adams, "falsified public records or information to create the illusion that probable cause existed" and that "Defendant Adams went to [Plaintiff's] jury trial and testified on the stand, under oath, that he did in fact read [Plaintiff] his Miranda rights off an index card that day and [Plaintiff] has video surveillance proving that he was lying. (Doc. 5 at 4). With respect to Defendant, Pennsylvania State Police Trooper Nathan Lewis, Etka claims that Lewis

"falsified paperwork to make it look like not only was [Plaintiff] completely apart of it, but that it, and [Plaintiff] was a complete joke to him." Id.

Plaintiff alleges the District Attorney, Defendant Barrett, "subpoenaed [Plaintiff's] Co-defendant to testify against [Plaintiff], after his sentence was pushed backed" so that "he was given incentive to lie under oath at [Plaintff's] trial because the evidenced proves [Plaintiff] is innocent and made sure that [Plaintiff's] Co-defendant knew that whatever he said would be considered at his sentencing." (Doc. 5 at 5). Etka claims that "Defendant Barrett's prosecutorial misconduct undertaken in bad faith to prejudice and harass [Plaintiff] amounted to overreaching beyond the point of denying [Plaintiff] a fair trial." Id.

Finally, Plaintiff states that the Towanda State Police Barracks and the Bradford County Courthouse are "public entit[ies] or municipalit[ies] which allow its government or state employees to violate constitutional law, by manipulating and abusing the legal system for their own personal gain with publicity and convictions rates, not for it's intended purposes in the interest of justice and integrity." (Doc. 5 at 6). Plaintiff alleges that all Defendants "worked together in this Conspiracy, and they all had their own part in it, knowingly and willingly subjecting [Plaintiff] to embarrassment, expense and ordeal and compelling [Plaintiff] to live in a continuing state of anxiety, mental anguish and insecurity as

well as enhancing the possibility that even though innocent, [he] may be found guilty, they're using the legal system not for it's intended purpose of pursuing integrity and justice, but manipulating it for their own personal gain." Id.

For relief, Plaintiff seeks compensatory and punitive damages as well as injunctive relief in the form of a request that the "police and newspapers retract all previous articles" and "publish a new article explaining to the county that [Plaintiff] was innocent, that the Police and District Attorney conspired together, falsified paperwork and tried to frame [Plaintiff] for something [he] didn't do." Id.

## III. Discussion

In order to state a viable section 1983 claim, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). "To establish liability for deprivation of a constitutional right under §1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012) (Caputo, J.) (citing Ashcroft v. Iqbal,

556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")); see Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

With respect to Plaintiff's request for compensation for illegal confinement, it is well-settled that prisoners cannot use §1983 to challenge the fact or duration of their confinement or to seek immediate or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1973). The United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S.477 (1994). "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Because there is no indication of record that there has been a successful

prior adjudication pertaining to Plaintiff's alleged unlawful conviction or sentence, it is appropriate to dismiss the claim for damages as legally frivolous. Plaintiff cannot, under Heck, maintain a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid. See also Mitchell v. Department of Corrections, 272 F. Supp. 2d 464, 473 (M.D. Pa.2003) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking §1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release). As is apparent from Plaintiff's criminal docket sheet, his appeal challenging his conviction and sentence is currently pending before the Pennsylvania Superior Court.

To the extent that Plaintiff asserts a claim for monetary damages pursuant to 42 U.S.C. §1985, alleging that all Defendants conspired to convict Plaintiff, the favorable termination rule set forth in Heck has been applied to claims brought under sections 1985 and 1986. Cook v. City of Phila., 179 F. App'x 855, 859 (3d Cir. 2006) (finding that plaintiff's section 1985 was barred by Heck) (citing Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989); Jones v. City of Phila., 491 F. Supp. 284, 288 (E.D. Pa. 1980)); Kennedy, 2015 U.S. Dist. LEXIS

31722, *3 (citing McQuillion v. Schwarzenegger, 369 F.3d 1091, 1097 n.4 (9th Cir. 2004)); Stubbs v. City of Wilkes-Barre, 2011 U.S. Dist. LEXIS 51893, *6 (M.D. Pa. 2011) (Smyser, M.J.) ("Although Heck dealt with a 42 U.S.C. §1983 claim, the reasoning of Heck has been applied to 42 U.S.C. §1985(3) and 42 U.S.C. §1986 claims as well."), adopted by, 2011 U.S. Dist. LEXIS 51957 (M.D. Pa. 2011) (Conner, J.); see Saunders v. Bright, 281 F. App'x 83, 84 n.4, 85 (3d Cir, 2008). Heck "delays what would otherwise be the accrual date of a tort action until the setting aside of an extant conviction which success in that tort action would impugn." Heck, 512 U.S. 486-87. Once again, because there is no indication that there has been a successful prior adjudication pertaining to Plaintiff's alleged unlawful conviction or sentence, it is appropriate to dismiss Plaintiff's conspiracy claim for damages as legally frivolous.

Although a writ of habeas corpus is not explicitly raised in Plaintiff's filings, to the extent that Etka seeks release, a person in state custody may file an application for a writ of habeas corpus challenging the fact or length of his confinement under section 2254. 28 U.S.C. §2254. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of §1983." Preiser v. Rodriguez, 411 U.S. 475,

490, 499 (1973) (determining that challenges to the fact or duration of physical confinement, or seeking an immediate or speedier release from that confinement is the heart of habeas corpus); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (holding, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate"). Consequently, to the extent Plaintiff is seeking habeas relief pursuant to section 2254, it will be dismissed without prejudice.

## IV. Conclusion

In light of the foregoing, the above captioned action, filed pursuant to 42 U.S.C. §1983, will be **DISMISSED**, without prejudice, as legally frivolous under 28 U.S.C. §1915(e)(2)(B)(i), and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** February 3, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1677-01.wpd